UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

E.C. STYBERG ENGINEERING
COMPANY,

        Plaintiff,

        v.                                                               Case No. 02-C-121

DOWDING INDUSTRIES, INC.,

        Defendant.
_____

O R D E R

Before the court is a motion filed by E.C. Styberg Engineering Company ("Styberg") against Dowding Industries, Inc. ("Dowding") for the recovery of the attorneys fees and costs relating to the litigation of the allegedly frivolous claims raised in Dowdings' counterclaim. On September 17, 2003, the court granted summary judgment against Dowding and dismissed its counterclaim with prejudice. Styberg principally relies on Michigan Compiled Law § 600.2591, which provides attorneys fees and costs to a prevailing party in a frivolous civil matter, for relief. MCL § 600.2591. Styberg alternatively relies on the inherent authority of this court to grant its requested relief.

Dowding responds the Michigan statute provides no basis for an award of attorneys fees or sanctions because it constitutes procedural law, and under the

*Eire* doctrine rule, "federal courts in diversity actions apply state substantive law and federal procedural law." *Gasperini v. Ctr. Humanities, Inc.*, 518 U.S. 415, 427 (1996). The court agrees. The Michigan statute at issue is a counterpart to Fed. R. Civ. P. 11, and in diversity cases, "a federal court is not required, nor indeed permitted to apply state law to a matter covered by a Federal Rule of Civil Procedure." *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1258 (8th Cir. 1996). Stated another way:

> [T]he proper body of law and the one on which parties in federal court can and should adhere to and rely upon is federal, not state, law. That is not only a question of protecting the federal courts' power over their own proceedings but also a question of fairness to those who are obliged to conform to federal standards when in federal court. For example, Federal Rule of Civil Procedure 11 contains prerequisites and protections for parties, who are accused of violating its strictures, and parties should be able to rely upon those in federal court proceedings.

*In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 839 (9th Cir. 2001). As such, the Michigan statute does not govern in this case.

In addition, the court declines to invoke its inherent power to sanction Dowding. The Supreme Court has directed courts to exercise caution before invoking its inherent power, especially when the conduct at issue can be adequately addressed by the Federal Rules of Civil Procedure:

> A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in

-2-

> determining that the requisite bad faith exists and in assessing fees . . . . Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than on the inherent power. But if in the informed discretion of the Court, neither the statute nor the rules are up to the task, the court may safely rely on its inherent power.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1990). Here, Styberg fails to show Fed. R. Civ. P. 11 was not up to the task of adequately addressing the alleged frivolity of Dowding's counterclaim, which as far as the court can tell, that is the sole basis for Styberg's claim that Dowding engaged in bad-faith conduct. As such, it is not appropriate for the court to invoke its inherent authority under the circumstances of this case.

Accordingly,

IT IS ORDERED that Styberg's motion for attorneys fees and costs (Docket #69) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2005.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge